NO. 13-2133, 13-2202
CONSOLIDATED WITH 13-2091 (L), 13-2162

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

DR. LEONARD E. SALTZMAN, *et al.*,
*Plaintiffs-Appellees*,

v.

PELLA CORPORATION, *an Iowa corporation, et al.*
*Defendants-Appellees*,

Appeal of MICHAEL J. SCHULZ,
*Objecting Class Member.*

On Appeal from the United States District Court
for the Northern District of Illinois, No. 1:06-cv-04481

Appellant Michael J. Schulz's Opposition to Motion to Dismiss
and Cross-Motion for Sanctions

Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas  78401
Telephone:  361/698-5200
Facsimile:  361/698-2222
*Attorneys for Appellant Michael J. Schulz*

**Introduction**

Plaintiffs do not dispute that appellant Michael J. Schulz is a class member. They do not dispute that the settlement waives Schulz's rights to bring **future** claims against Pella Windows for latent defects that have not yet materialized—except through a very constrained and limited arbitration process dictated by the settlement. They do not dispute that Schulz's appeal seeks to strike down the approval of the settlement that waives Schulz's rights. That ends the inquiry: Schulz has standing under *Devlin v. Scardelletti*, a Supreme Court case **cited by Schulz** in his jurisdictional statement but not mentioned once by plaintiffs in their motion. 536 U.S. 1 (2002).

Plaintiffs' assertion that Schulz needs to file a claim in anticipation of future injuries to prove standing is preposterous. Schulz stands in the exact shoes of the successful appellants in *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997). In *Amchem*, the Supreme Court upheld an objection to a settlement by objectors protesting that the settlement "unfairly disadvantaged those without currently compensable conditions" without providing that subclass with separate representation. *Id.* at 606. According to plaintiffs, the Supreme Court erred by not insisting that those objectors waived their right to appeal by failing to file claims for their unmanifested injuries. Even if plaintiffs were correct in the abstract (and they are not), the Seventh Circuit does not get to overrule Supreme Court precedent.

Simply put, plaintiffs' motion to dismiss vis-à-vis Schulz is substantively frivolous and procedurally vexatious and abusive. Sanctions are appropriate for both

the frivolous substantive arguments and for the machinations to evade briefing word-limits and to tactically disadvantage appellants by styling a supplemental merits brief as a "motion to dismiss."

I. The "motion to dismiss" is procedurally improper and abusive.

Class counsel has filed a baseless motion to dismiss, alleging that Schulz lacks standing, even though he is a class member whose claims will be waived by the unfair settlement. But there was no reason that class counsel could not have made the exact same argument in a response brief. Because class counsel filed a motion to dismiss instead of including this merits argument in a response brief,

- Schulz is required by FRAP 27(a)(3) to file an opposition to a motion to dismiss while his reply brief is pending, disrupting his ability to timely file a reply brief by the September 23 deadline;

- Class counsel, by making the merits argument in a Rule 27 motion instead of a merits brief, will get a surreply of about 1,500 words that they would not normally be permitted;

- Class counsel evades the FRAP 32(a)(7) 14,000-word limit by filing a supplemental merits brief of over 3,000 words styled as a "motion" (and a likely reply brief of another 1,500 words) that is then incorporated by reference into page 1 of their merits brief; and

- Class counsel gets two bites at the apple: both a three-judge motions panel and a three-judge merits panel will decide whether the case should be dismissed on standing grounds.

This is wrong, and should not be tolerated. Not once does class counsel's motion even mention the appropriate standard for a motion to dismiss:

> Motions for summary affirmance generally should be confined to certain limited circumstances. Summary disposition is appropriate in an emergency, when time is of the essence and the court cannot wait for full briefing and must decide a matter on motion papers alone. Summary affirmance may also be in order when the arguments in the opening brief are incomprehensible or completely insubstantial. Finally, summary affirmance may be appropriate when a recent appellate decision directly resolves the appeal.

*United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). As discussed in Section II below, not only can plaintiffs not meet this standard with Schulz, but their arguments are substantively frivolous—and making them in a motion to dismiss where the legal burden is so high is doubly frivolous.

*Fortner*'s complaint about the inappropriateness of motions to dismiss is particularly appropriate here:

> [The] submission in this case is fifteen pages long, and but for the formal requirements of Federal Rule of Appellate Procedure 28, it is essentially a brief on the merits. But by filing it the [appellee] has wasted the resources of this court. (Six judges will ultimately consider this appeal: three on the motions panel and three on the merits panel.) The [appellee] could have made these same

>arguments in a brief and moved to waive oral argument if it felt that argument would be unhelpful.

*Id.* Despite this clear Seventh Circuit precedent disfavoring motions to dismiss, class counsel abused Fed. R. App. Proc. 27 to file one. While class counsel's actions differ from those in *Fortner* because they also filed their merits brief instead of delaying it, their tactic acted to evade the word limitations of Fed. R. App. Proc. 32(a)(7), because it condensed over 3,000 words (plus an eventual reply brief) of the motion briefing into the single 37-word sentence "For the reasons stated in Appellees' separately filed Motion to Dismiss For Lack of Standing (App. D.E. 32), no Appellant has standing to file these appeals, and as this Court lacks jurisdiction, these appeals should be dismissed."

In effect, plaintiffs' counsel's signature of the Certificate of Compliance was false: the merits brief effectively contained more than the 13,982 words certified, trusting that the appellate court's requirement to *sua sponte* raise jurisdictional issues allowed them to avoid briefing them in the merits brief while using the motion papers to piggyback the arguments. Appellants have been unfairly prejudiced. Sanctions are appropriate—especially since, as discussed below, the underlying legal and factual assertions are false.

## II. Schulz unquestionably has standing to challenge a settlement approval that releases future claims he might have for latent defects and does not require him to file a claim before the year 2021.

Even if an appeal is "straightforward," a dismissal should not be had when unless the appeal is "so insubstantial that full briefing would not assist the merits

panel that decides it." *Fortner*, 455 F.3d at 754. Plaintiffs' standing arguments with respect to Schulz not only fail to meet this high standard, but are also substantively frivolous. It is plaintiffs' assertion of lack of standing that is "insubstantial"—and their motion to dismiss is doubly frivolous given that a motion for summary disposition requires meeting a higher standard than simple success on merits.

Plaintiffs do not dispute that Schulz is a class member, as he owns a house with Pella ProLine Casement Windows manufactured in 2006. A297-99. The settlement the district court approved waives Schulz's rights to bring **future** lawsuits against the defendants. Because Schulz is a class member who is adversely affected by the settlement's release, and because he objected to the settlement, he has standing to appeal the settlement approval without the need to intervene formally in the case. *Devlin v. Scardelletti*, 536 U.S. 1 (2002). Schulz laid out that sequence of events on page 2 of his opening brief, including the cite to the relevant Supreme Court precedent.

Yet plaintiffs falsely assert "No Objector/Appellant substantively addressed their standing." Motion 1. Not once do they mention Schulz's cite to *Devlin*, or explain why *Devlin* is not dispositive.

Plaintiffs argue that Schulz has no standing because he "would have been made whole under the terms of the Settlement." Motion 5. On what basis can they possibly make this assertion? Schulz owns Pella windows that have a latent defect. Those windows might fail sometime in the future; if they do, the Settlement **guarantees** that he will be made less than whole by restricting him to the partial benefits that Pella made available to all class members before the Settlement was signed.

5

All Schulz got out of the Settlement was a waiver of his future rights. In any event, a claim that Schulz is "made whole by the Settlement" is not a claim that Schulz does not have standing, but a claim on the merits that the settlement is fair. Schulz has claimed an injury—the waiver of his rights by a settlement that does not meet the standards of Rule 23(e) and by a class representative that does not meet the standards of Rule 23(a)(4)—and that injury is redressable by this Court either decertifying the class or otherwise reversing the settlement approval. Standing necessarily follows.

Plaintiffs claim that "Because they failed to file any claims, Appellants are not Class members." Motion 11. This is a bald non sequitur. The Class is defined as

> "All persons in the United States who are current or former owners of Structures containing Pella ProLine® brand casement, awning, and/or transom windows (including 250 and 450 Series) manufactured by Pella Corporation between January 1, 1991 and December 31, 2006." [Addendum 15]

Class members release all "Released Claims," which include **future** claims. Addendum 17; A087-088. **Nothing** in either of these definitions excludes window owners who have not made claims from either the Class or the Release. And even if it did, **the claims deadline in the settlement has not yet passed!** As the Settlement itself says, "A third group of Settlement Class Members have yet to experience Eligible Damage, but may do so in the future." A103. Such class members are entitled to make claims for Eligible Damage under the settlement years from now—in Schulz's case, until fifteen years after the 2006 manufacturing date of his windows, in 2021, eight years from now. A127; A297. Under this settlement, plaintiffs' assertion that Schulz has

*failed* to meet the deadline for filing a claim form is beyond frivolous: it's an affirmative attempt to mislead this Court.

Because the settlement addresses **future** rights, the fact that Schulz does not "attest that any of [his] windows have been replaced or manifested any wood rot" and has not yet made a claim (Motion 6, 11-12) is utterly and completely irrelevant. Schulz stands in the exact shoes of the successful appellants in *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997). In *Amchem*, the Supreme Court upheld an objection to a settlement by objectors protesting that the settlement "unfairly disadvantaged those without currently compensable conditions" without providing that subclass with separate representation. *Id.* at 606. According to plaintiffs, the Supreme Court erred by not insisting that those objectors waived their right to appeal by failing to file claims for their unmanifested injuries. Even if plaintiffs were correct in the abstract (and they are not) and the Supreme Court were wrong, the Seventh Circuit does not get to overrule Supreme Court precedent. Schulz has standing.

There is no requirement that a class member who is objecting to a **settlement** file a claim, and plaintiffs identify no law to the contrary. In *Silverman v. Motorola Solutions, Inc.*, No. 12-3239, 2013 WL 4082893 at *1 (7th Cir. Aug. 14, 2013), the appellants were not objecting to the settlement, but to the share of the common settlement fund that the attorneys were claiming as fees. In such a case, the failure of an appellant to submit a timely claim is fatal to his standing, because an objector who does not have a claim on the settlement fund has no redressable injury from excessive attorneys' fees. *Accord Glasser v. Volkswagen of Amer.*, 645 F.3d 1084 (9th Cir. 2011)

(objector who cannot benefit from reduction in attorneys' fees has no standing to appeal fee award when they have not appealed settlement approval).

In contrast, a class member who is objecting to a **settlement** does have a redressable injury: the settlement permanently waives the class member's claims, and if an appeals court decertifies the class or strikes the settlement, the class member's injury is redressed. The "interest in the outcome" that *Silverman* requires is satisfied by the interest in extinguishing the illegitimate waiver of class members' causes of action. *Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002) (ability of objecting class member to appeal settlement approval "does not implicate the jurisdiction of the courts under Article III of the Constitution"); *id.* at 7 (an objector's "complaint clearly falls within the zone of interests of the requirement that a settlement be fair to all class members"); *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 638-39 (5th Cir. 2012) (no requirement that appellants demonstrate that they have an individual claim because "[a]ny class member has standing to object to a class settlement"); *Cobell v. Salazar*, 679 F.3d 909, 919 (D.C. Cir. 2012) ("Any other conclusion would prove a bitter irony for those who have lost their [chose in action]").

Thus, courts of appeals are perfectly willing to strike illegal settlements in response to appeals by class-member objectors who did not file claims but are challenging the disproportionate attorneys' fees, without any skepticism of the class member's standing to appeal a settlement that affected their rights. For example, Judge Easterbrook, who wrote the *Silverman v. Motorola* opinion, wrote another opinion that a district court erred in failing to permit an objector to a Rule 23.1

8

settlement to intervene—even though that objector did not file, and could not have filed, a claim in the zero-dollar settlement. *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012). *See also, e.g.*, *In re Dry Max Pampers Litig.*, -- F.3d --, 2013 WL 3957060 (6th Cir. Aug. 2, 2013) (excessive fees evidence of settlement unfairness, reversing settlement in response to appeal by objector who did not file claim); *In re HP Inkjet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013) (reversing settlement approval because fee award was excessive); *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) (same); *id.* at 949 n.9 (distinguishing *Glasser* because objector, like objectors here, appealed settlement approval).

Thus, plaintiffs' assertion that Schulz has no standing to challenge the attorney-fee award because the fee award is paid by Pella, and does not come from a common fund (Motion 12-13) is also frivolous. Plaintiffs ignore Schulz's actual appellate argument. Schulz is not arguing for reversal to reduce the attorney-fee award: Schulz is arguing that because the class counsel self-dealt so that the attorneys received $11 million, but class members such as Schulz got nothing more than that which Pella was already providing before the settlement, the settlement is unfair. The fact that any reversion of the fee award reverts to Pella is **evidence** of the settlement unfairness and illegal self-dealing, rather than an indication of the lack of standing. *Bluetooth* is directly on point: class members (none of whom made claims, as the settlement provided no claims process) challenged a zero-dollar settlement as unfair, in part because of the "kicker" that provided that any reduction in the fee award would revert to the defendants. 654 F.3d at 947-49. The Ninth Circuit agreed, and reversed for

further considerations. There was no question that the appellants could challenge the settlement unfairness by pointing to the excessive fees. And that is exactly what Schulz has done here—precisely with reference to the three indicia of self-dealing identified by *Bluetooth*. Schulz Opening Brief 21-31. As *Dry Max Pampers* discusses at length, the abusively disproportionate fee in this case at the expense of the class demands reversal. Plaintiffs' motion fails to mention *Bluetooth* or *Pampers* once. Of course Schulz can point to the oversized fee as evidence of settlement unfairness.

## Conclusion

Plaintiffs' allegation that Schulz has no standing to appeal is frivolous; the claim that the standing issue makes the case ripe for summary affirmance is thus doubly frivolous. Sanctions are appropriate for this vexatious and procedurally improper motion.

Dated: September 13, 2013                Respectfully submitted,

                                                                 */s/ Christopher A. Bandas*
                                                          Christopher A. Bandas
                                                          BANDAS LAW FIRM, P.C.
                                                          500 North Shoreline, Suite 1020
                                                          Corpus Christi, Texas  78401
                                                          Telephone:  361/698-5200
                                                          Facsimile:  361/698-2222

                                                          Counsel for Appellant Michael J. Schulz

## Proof of Service

I hereby certify that on September 13, 2013, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Seventh Circuit using the CM/ECF system, thereby effecting service on counsel of record who are registered for electronic filing under Cir. R. 25(a).

Executed on September 13, 2013.

　　　　　　　　　　　　　　　　　　/s/ Christopher A. Bandas
　　　　　　　　　　　　　　　　　　Christopher A. Bandas