Case No. 13-2091 (Consol. 13-2133, 13-2162, 13-2202)

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

KENT EUBANK, *et al.*,
*Plaintiffs-Appellants*
and
DR. LEONARD E. SALTZMAN, *et al.*,
*Plaintiffs-Appellees*

v.

PELLA CORPORATION, *an Iowa corporation, et al.*,
*Defendants-Appellees*

Appeals of: BRADLEY SCHULTZ and MICHAEL SCHULTZ,
*Objecting Class Members*

---

Appeal from The United States District Court
For the Northern District of Illinois, Case No. 1:06-CV-4481
The Honorable Judge James B. Zagel

---

PLAINTIFFS-APPELLEES' RESPONSE TO
MICHAEL J. SCHULZ'S MOTION FOR SANCTIONS

---

Richard J. Burke
Paul M. Weiss
Jeffrey A. Leon
COMPLEX LITIGATION GROUP LLC
513 Central Ave., Suite 300
Highland Park, Illinois 60035
(847) 433-4500

Jonathan Shub
SEEGER WEISS LLP
1515 Market St., Suite 1380
Philadelphia, Pennsylvania 19102
(215) 564-2300

Steven R. Jaffe
Mark Fistos
FARMER, JAFFE, WEISSING,
EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Suite 2
Ft. Lauderdale, Florida 33301
(954) 524-2820

Ben Schwartzman
ANDERSEN BANDUCCI PLLC
101 S. Capitol Blvd., Suite 1600
Boise, Idaho 83702
(208) 342-4411

*Attorneys for Plaintiffs-Appellees and Settlement Class*

Appellant Michael J. Schulz purported to file a "reply" in support of a "cross-motion for sanctions" on September 22, 2013, two days after Appellees filed their reply in support of the motion to dismiss for lack of standing – the motion at which Mr. Schulz's sanctions "motion" is directed. The fact is that Mr. Schulz has not filed a cross-motion for sanctions. He instead, in a sentence in his briefing responding to the motion to dismiss, asks for sanctions to be imposed. Nor does Mr. Schulz dispute the unequivocal holdings of this Court that any request for sanctions be made in the form of a separate motion.[1] This requirement has not been complied with, and Mr. Schulz's filing of a "reply" in support of a non-existent motion that is in direct defiance of binding law in this Circuit in which Mr. Schulz acknowledges his failings is frankly what is sanctionable, along with the fact that Mr. Bandas appears to have lied on his pro hac vice application to the District Court.

To be clear here, Mr. Schulz is represented by one of the notorious "professional objectors" who seek to extort money out of Class Counsel in class action cases by filing baseless objections to class action lawsuits and then appealing the denial of those objections, causing Class Counsel to incur additional cost from responding to the appeal, but also significantly delaying Class Counsel, who take

---

[1] Of course, Mr. Bandas' failure to follow the rules creates confusion as to what the briefing deadlines are. Appellees' reply brief in support of their motion to dismiss for lack of standing was due 7 days after Appellant Schulz filed his response to the motion to dismiss, which also contained his "motion" for sanctions. FRAP 27(a)(3) establishes a ten day response period for motions, and a FRAP 27(a)(4) establishes a 7 day response period for replies. So, Mr. Bandas filed his "reply" before Appellee's response was even due, assuming there is a motion pending in the first place, which is plainly not the case.

class action cases on a contingency basis, from receiving their legal fees and reimbursements for expenses that were advanced.

Texas attorney Christopher Bandas has also been identified as a professional objector. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012). Bandas has been "exorciated by courts for his conduct"[2], including criticisms of his "patently frivolous" and "cookie-cutter written objection".[3]

Mr. Bandas is also no stranger to the sanctions process, having been sanctioned himself numerous times. As recently as August 29, 2012, Bandas was held in contempt by United States District Court Judge Ware (who additionally struck Bandas's objection to the parties' final settlement) for failing to obey a court

---

[2]     *CRT Litig.*, 281 F.R.D. at 533 ("Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain . . . [and] has been excoriated by Courts for this conduct.")

[3]     *Conroy v. 3M Corp.*, No. C 00-2810 CW, 2006 U.S. Dist. Lexis 26271, at *10 (N.D. Cal. August 10, 2006) (Bandas' objection "bore no particular relationship to the circumstances of the settlement here, and at the hearing, [Bandas] erroneously referred to this case as involving 'defective' tape," which had nothing to do with the class claims or settlement."); *Brown v. Wal-Mart Stores, Inc.*, No. 01 L 85, (Ill. Cir. Ct., Fourteenth Judicial Cir. October 29, 2009) ("The Bandas Objection . . . is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit . . . the record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard-working counsel . . . ") (R. 5685.) The *Brown* court also sets forth a listing of objections Mr. Bandas has filed that depicts objections he dismissed, abandoned or that he withdrew without attaining settlement changes or additional benefits for the class and/or cases in which Mr. Bandas has been sharply criticized by courts for his tactics. Id. at 4-5. *See also Ouellette v. Wal-Mart Stores, Inc.*, No. 67-01-CA-326, (Fl. Cir. Ct., Wash. Co. August 21, 2009) ("all of the objections filed against the settlement of this case were all generic boilerplate objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients.") (R. 5624.)

order. *Embry v. ACER Am. Corp.*, C 09-01808 JW, 2012 WL 3777163 (N.D. Cal. Aug. 29, 2012). More recently, on July 26, 2013, Bandas was sanctioned in the Western District of Washington in the case *Dennings v. Clearwire*, Case No. C10-1859JLR (W.D. Wash.).[4] Thus, one would expect Mr. Bandas to be knowledgeable of, if not at least sensitive to, the requirements that exist for sanctions motions.

But even worse, it appears that Mr. Bandas lied on his motion for pro hac vice admission. The application specifically asks whether the applicant has been "disciplined by any court" and another question asks whether the applicant has been "held in contempt of court". As set forth above, Mr. Bandas was disciplined on

---

[4] In *Dennings*, Judge Robart imposed a bond that was ordered to be paid within five days or for the appeal to be dismissed. As Judge Robart noted on July 19, 2013,

> Counsel for Objectors Gordan B. Morgan and Jeremy De La Garza are ORDERED to appear in court and show cause why they should not be sanctioned for failing to comply with the court's order of July 9, 2013. In that order, the court directed Objectors to post an appeal bond within five days or else withdraw their appeal. (7/9/13 Order (Dkt.# 149).) They were specifically warned that "[i]f the bond is not posted or the appeal withdrawn within five days of the date of this order, Objectors and Objectors' counsel will be subject to sanctions by the court." (*Id.* at 2.) This warning was necessitated by Objectors' conduct leading up to the order. Despite the warning, Objectors did not post the bond, nor did they withdraw their appeal. Instead, they appealed the court's July 9, 2013, order and filed an emergency motion to stay the bond order. The Ninth Circuit denied that motion (*see* Dkt. # 153), but Objectors still did not post a bond or withdraw their appeal. To date, they still have not complied. Objectors and their counsel now face sanctions.

2013 WL 3870799 at *1 (W.D. Wash. July 19, 2013). Shortly thereafter, Mr. Bandas moved to vacate the order, which Judge Robart denied, finding that Mr. Bandas "directly disobeyed a court order" and that his behavior "demonstrates a general disregard for the court's orders." 2013 WL 3870801 at *2-3 (W.D. Wash. July 26, 2013).

3

August 29, 2012 by Judge Ware in the form of a contempt sanction and he nonetheless checked the "no" boxes next to the question of whether he has been "disciplined by any court" and whether he has been "held in contempt of court" when he filed his pro hac vice application on January 29, 2013.

Putting aside Mr. Bandas' eligibility to practice and his past misconduct, Mr. Bandas' "reply" is all the more remarkable as he himself violates the very basis on which he sought sanctions against Appellees in the first place – his accusation Appellees filed their motion to dismiss in order to evade word limits in the briefing process. Bandas' "reply" is nothing but a thinly veiled surreply on the motion to dismiss for lack of standing. So it becomes apparent that Bandas filed his sanctions "motion" in order to evade the limitations on briefing imposed by this Court's rules.

Bandas shows extreme disrespect to this Court by characterizing the explicit requirement of a separate motion in this Circuit's case law as a "technicality" when this Court has made clear that it is much more than a technicality. In fact, in *Qualls*, this Court addressed this very argument and stated that

> At first glance, Rule 38's requirement of a separately filed motion might seem excessively formal, but the advisory committee note to the 1994 amendment of the rule explains the need for a second document: "Requests in briefs for sanctions have become so commonplace that it is unrealistic to expect careful responses to such requests without any indication that the court is actually contemplating such measures." Fed. R.App. P. 38 advisory committee's note (1994 amendments); *see In re Bero,* 110 F.3d 462, 466-67 (7th Cir.1997); *In re Del Mission Ltd.,* 98 F.3d 1147, 1154 (9th Cir.1996); *McDonough v. Royal Caribbean Cruises, Ltd.,* 48 F.3d 256, 258 (7th Cir.1995)

*Qualls v. NIU Bd. Of Trustees*, 272 Fed. Appx. 512, 514 (7th Cir. 2008).

Worse, Bandas cites FRAP 27(a)(3)(B) as his justification for including a "cross-motion" within his response brief, ignoring that FRAP 38 is what governs here and FRAP 38, explicitly and on its face, requires "a separately filed motion."

The request for sanctions in the body of the response brief is frivolous and could not more plainly be barred by FRAP 38 and binding Circuit precedent in the form of *Qualls*. Appellees are not going to get into a side war with Mr. Bandas on these issues by formally filing a motion for sanctions, although Mr. Bandas' in blithely refusing to file a separate motion appears to warrant some action. Were Mr. Bandas to file a separate motion for sanctions in compliance with Rule 38, Appellees would answer it, but such a motion would be meritless.

But perhaps more importantly, the matter of Mr. Bandas' pro hac vice application is serious and requires this Court's attention. Class Counsel, in preparing this brief, decided to check Mr. Bandas' application after typing in the cases in which Mr. Bandas was sanctioned. In learning of Mr. Bandas' apparent misrepresentation, Class Counsel bring the matter to this Court's attention.

DATED: September 23, 2013        Respectfully submitted,

                                        **DR. LEONARD E. SALTZMAN, TIM BASTIAANSE, JOSEPH PALMIOTTO, BRAD ZURN, and JUDITH MCCLOSKY, Class Plaintiffs,**

                                        /s/ Richard J. Burke
                                        Richard J. Burke
                                        Paul M. Weiss

Jeffrey A. Leon
**COMPLEX LITIGATION GROUP LLC**
513 Central Avenue, Suite 300
Highland Park, IL 60035
(847) 433-4500
rich@complexlitgroup.com
paul@complexlitgroup.com
jeff@complexlitgroup.com

Jonathan Shub
**SEEGER WEISS LLP**
1515 Market St., Suite 1380
Philadelphia, PA  19102
(215) 564-2300
jshub@seegerweiss.com

Steven R. Jaffe
Mark Fistos
**FARMER JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.**
425 North Andrews Ave., Suite 2
Ft. Lauderdale, FL 33301
(954) 524-2820
steve@pathtojustice.com
mark@pathtojustice.com

Ben Schwartzman
**BANDUCCI WOODARD SCHWARTZMAN PLLC**
802 W. Bannock Street, Suite 500
Boise, Idaho 83702
(208) 342-4411
BScwartzman@BWSlawgroup.com

*Attorneys for Plaintiffs and Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    /s/ Richard J. Burke